IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

  -vs-                                                              CRIMINAL No. 99-0645 LH

RUBEN BALCAZAR-ALVARADO,[1]
a/k/a Hector Armando Ortiz,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant's *pro se* Motion Pursuant to Title 18 U.S.C. § 3582(c)(2)[2] (ECF No. 25), filed November 10, 2014, and the government's Motion for Order of Ineligibility for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) (ECF No. 30), filed August 20, 2015. The Court, having reviewed the Motions, the record in this matter, and the applicable law, finds that the government's Motion is well taken and will be **granted** and that Defendant's Motion will be **dismissed for lack of jurisdiction**.

The United States argues that Defendant is ineligible for resentencing because he was sentenced as a career offender, pursuant to U.S.S.G. § 4B1.1, not under the drug guidelines and,

---

1   The Court notes that Defendant filed his Motion using his real name - "Ruben Balcazar-Alvarado." Previous proceedings in this Court were conducted under a false name, "Hector Armando Ortiz." From the record, it appears that the Bureau of Prisons has not delivered mail from the Court regarding this matter that was addressed to "Hector Armando Ortiz." Thus, the Court now uses Defendant's real name in the caption.

2   The Court appointed counsel for Defendant on November 14, 2014.

therefore, Amendment 782 does not lower his sentencing range. When contacted, counsel for Defendant took no position on the government's Motion. Mot. Order Ineligibility ¶ 7.

A defendant originally sentenced under the career offender guideline is not entitled to resentencing under the recent drug sentencing amendment and the Court does not have jurisdiction even to consider such a motion. *See, e.g., United States. v. Wilkerson*, 485 F. App'x 318, 322 (10th Cir. 2012) (citing and quoting parenthetically *United States v. Sharkey*, 543 F.3d 1236, 1238–39 (10th Cir. 2008) ("Amendment 706 had no effect on the career offender guidelines in § 4B1.1, which were the guidelines used by the district court in sentencing Sharkey. As a result, 'a reduction' in Sharkey's term of imprisonment 'is not consistent with' the policy statement in § 1B1.10 'and therefore is not authorized under 18 U.S.C. § 3582(c)(2)' because a two-level reduction in the offense level under Amendment 706 'does not have the effect of lowering [his] applicable guideline range.'") and *United States v. Jackson*, 343 F. App'x 311, 313–14 (10th Cir. 2009) (granting counsel's *Anders* motion and noting that "[i]n the Tenth Circuit, the crack cocaine guidelines amendments do not entitle the defendant originally sentenced under the career offender guideline to resentencing, and the district court had no jurisdiction to consider such a motion")); *United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996) (holding that sentence pursuant to Rule 11(e)(1)(C) plea agreement [now Rule 11(c)(1)(C)] was not "'based on a sentencing range that has subsequently been lowered by the Sentencing Commission'" and "district court should have dismissed [defendant's] motion without considering its merits").

Thus, having been sentenced as a career offender, Defendant's original sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and this Court lacks jurisdiction to consider his Motion on the merits. While the Court may commend

2

Defendant for his post-convict rehabilitation efforts and encourage him to continue the same, his Motion must be dismissed.

**IT IS HEREBY ORDERED** that the Motion for Order of Ineligibility for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) (ECF No. 30), filed August 20, 2015, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion Pursuant to Title 18 U.S.C. § 3582(c)(2) (ECF No. 25), filed November 10, 2014, is **DISMISSED FOR LACK OF JURISDICTION**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**